UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. DAVIS, Jr., *Pro Se*, ) | Case No.: 1:19 CV 555 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| ARMOND BUDISH, *et al.*, ) | |
| ) | |
| ) | MEMORANDUM OF OPINION |
| Defendants ) | AND ORDER |

**Background**

*Pro Se* Michael D. Davis, Jr., a detainee in the Cuyahoga County Jail, has filed this *in forma pauperis* civil rights action against Armond Budish, Ken Mills, Emily McNeeley, Eric Ivey, Douglas Dykes, Judge Deena R. Calabrese, and Clifford Pickney. (Doc. No. 1.) In his Complaint, Plaintiff objects to numerous conditions in the Jail, contending they subject him to cruel and unusual punishment for which he seeks compensation and to be immediately released. He generally alleges that: "[w]e have to breath in asbestos black mold and drink polluted water"; "we sometimes are deprived of showers due to Red Zone"; the "food trays smell like feces and has water inside of them"; and "we're denied church services and there is no law library or drug classes." (*Id*. at 3-4.) He alleges he spoke to "[his] Judge about these things on record and she refuse[d] to help [him]." (*Id*. at 4.)

In addition, the Plaintiff alleges he is a mental health patient and has complained that the current medication he is being provided is not helping him. (*Id*.) He contends he was taken off the

medication North Coast Behavioral prescribed for him, and was told by the Cart Nurse "that they do have the medication" but he was taken off of it because it was too expensive. (*Id*. at 5.) He alleges he has been told to send a kite about this problem, but "when you send a kite it takes up to one month to see them." (*Id*. at 4.) He generally alleges he has witnessed suicide attempts in the Jail, and asserts he feels "like these people are using Red Zone living conditions and medication to get inmates to plea out in court." (*Id*. at 5.)

**Standard of Review**

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). Federal district courts are required to screen all *in forma pauperis* complaints and all complaints in which a prisoner seeks redress from a governmental officer and employee, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)B) and 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

To state a claim on which relief may be granted, a *pro se* complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A). Although detailed factual allegations are

2

not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

**Discussion**

Upon review, the court finds that the Plaintiff's Complaint must be dismissed. Even liberally construed, it fails to set forth allegations sufficient to state any plausible constitutional conditions-of-confinement claim.

With the exception of the "Judge" in his state criminal case, the Plaintiff does not set forth allegations specifically connecting any Defendant to the unconstitutional conditions or misconduct he alleges. The Plaintiff cannot establish the individual liability of any Defendant for constitutional violations absent allegations showing that each Defendant was personally involved in the conduct which forms the basis of his claims. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Conclusory allegations that a defendant or group of defendants have violated constitutional rights are insufficient to state a claim. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002)

3

(affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Further, Plaintiff's Complaint fails to state a plausible claim for relief against Judge Calabrese, even though she is tied to specific alleged conduct. Judges are entitled to absolute immunity from suits based on their judicial acts, even if they acted erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judge Calabrese is entitled to absolute immunity, as the Plaintiff's allegations against her clearly pertain to actions she took in her judicial capacity. *See Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir.1997) (judges are entitled to absolute immunity for their judicial acts).

**Conclusion**

Accordingly, the Plaintiff's Complaint in this matter is hereby dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 6, 2019